Joseph A. Gavagan, J.
This is an application by the Associated YM-YWHA’S of Greater New York, Inc., for an order pursuant to article 78 of the Civil Practice Act, to grant exemption from water taxes and sewer rentals and to cancel unpaid assessments in relation thereto. The petitioner leased property in the West Bronx from Montefiore Hospital for 99 years, rent free. It was to, and did, erect a building thereon as a community center at a cost in excess of three-quarters of a million dollars. An affiliate, the Mosholu-Mon/tefiore Community Center, an unincorporated entity, is the actual occupant of the property and is operating the community center. It is averred and not disputed that a deficit in its operation of about $120,000 per year is met by contributions from the petitioner and the Federation of Jewish Philanthropies. Under State law “ any social settlement, whether incorporated or unincorporated, which shall own or lease for a term not less than three years a building or buildings devoted exclusively to the purposes of such social settlement work * * * are hereby exempted from the pay *1083 ment of any sum whatever to said city, for the use of water taken by same from said city ” (L. 1957, ch. 433). Subdivision f of section 82d9-9.1 of the Administrative Code of the City of New York provides that any real property exempted from water rents shall be exempt from sewer rents.
The petitioner applied to the respondents for such exemption on the ground that it is a social settlement; from the denial thereof, it has instituted this proceeding.
The respondents deny that petitioner is a social settlement used exclusively for such purposes on the ground that it lacks resident workers, that it is in a well-to-do neighborhood, and that the Legislature did not intend to grant exemption in such cases. It is then argued that the social settlement is neither the owner nor lessee of the property herein involved.
A statute providing tax exemption for a charitable institution should be fairly, liberally, and reasonably construed with a view to maintaining the spirit of the law to the end of arriving at the intention of the Legislature.
As evidence of the charitable character of the activities of the center, it is noted that it has been granted exemption from United States income taxation, exemption from city sales tax, and its land and building are exempt from real estate taxes.
With respect to the arguments of the respondents, the fact that the center does not have resident workers will not disqualify it. While such was undoubtedly the manner in which these settlement houses were originated in England in 1884, in the United States this has not been true. It is noted that writers on the subject have stated that the term “ neighborhood house ” is more characteristically American, free from any implication of class distinction, and that such settlement or neighborhood center serves a neighborhood area. It works with individuals, groups and families, giving service to all ages and both sexes, without regard to national origin, race, creed or economic status, in order to help the individual develop to his fullest potentiality and to achieve the best possible family and neighborhood life. From the setup of its structure and the myriad social, educational, and charitable work carried on therein, the center comes directly within these laudable purposes. As to the fact that it is not in a blighted area, people in all economic levels need and can benefit from social services which petitioner offers. It cannot be denied that working with families in any area to help them improve the life of their community, to aid and counsel elderly citizens, to provide a day nursery and nursery school, to provide education classes, clubs and other activities, is useful in any area regardless of its economic level, where people have *1084 concern for their families and neighborhood. Nor will the fact that the beneficiaries here are not impoverished disqualify the petitioner. “ ‘ It is not necessary, in order to qualify as a charity, that an organization confine its activities to the furnishing of the bare necessities of life, namely, food, shelter and clothing. An activity is equally a charity when, as in the case of petitioner, it affords some of the amenities of a decent life to those who are unable to pay anything at all, or the full price thereof * * * ’ We need not consider whether respondent’s tax status would be different if most of its beneficiaries were well-to-do.” (District of Columbia v. Friendship House Assn., 198 F. 2d 530, 531.)
Giving fair and liberal construction to this statute and considering the spirit of the law, the legislative intent must be held to have included the petitioner and its work.
Finally, while the statute provides that exemption will be granted to an owner or lessee for three years, the fact that the petitioner is the lessee and that the center is run by another entity will not defeat this application. It is amply shown that the organization running the center is an affiliate of the petitioner, that it has independent existence, and that the reason the lease was not taken in its name was its inability to assume the financial obligation for the cost of the construction of the building. However, it has been and is running the center since its inception. Accordingly, the application is granted.